Williams, J.
Prior to the civil code the mode of procedure for contesting the validity of a will was by suit in chancery; and the wills act provided that in such suit an issue should be made up, “whether the writing produced be the last will and testament of the testator, or not, which shall be tried by a jury.” The effect of that statutory provision was declared in Green v. Green, 5 Ohio, 279, where it was held, that “the statute itself having prescribed the issue, it must be followed, and the issue be so made up as to conform to that prescribed by statute.” No answer was necessary, because it could not raise an issue different from that which the statute required to be made up and tried by the jury, nor affect the manner of determining the litigation after bill filed. The act of March 14, 1853, relating to the jurisdiction of the probate court, authorized the validity of wills to be contested by petition filed in the court of common pleas; but that statute, it was heid, in Raudebaugh v. Shelley, 6 Ohio St., 307, did not abrogate, or affect the provision of the wills *524 act prescribing the nature and scope of the issue to be made up and tried in such cases. And in the subsequent case of Brown v. Griffiths, 11 Ohio St., 329, this court held, that a proceeding to contest the validity of a will might be prosecuted “either according to the forms of a suit in chancery, or by petition under the code of civil procedure.” But, in either case, an issue in some form must be made up, “whether the writing produced be the last will of the testator or not. ’ ’ The provision of the statute prescribing the issue in such cases, and requiring that it be made up and tried in conformity with the statute, was declared, in Walker v. Walker, 14 Ohio St., 157, to be imperative in its terms, and deliberately made so, “with a view to prevent a disposition of cases for the contest of wills upon the mere con sent or acquiescence of parties, in any form;” and it was accordingly held to . be error to render judgment upon demurrer to the answer, although the will thereby propounded, which purported to be a joint will, was without any validity, either as a joint or separate will of the parties who executed it. In Runyan v. Price, 15 Ohio St., 1, it is said, that the statute prescribes the mode of contesting a will, as well as the issue to be made up, and e‘ there are no pleadings to which the evidence must be confined, or with the allegations of which it must correspond;” but, “in all eases, the will may be assailed upon any and all grounds that would expose its invalidity.” This rule was followed in Haynes v. Haynes, 33 Ohio St., 598, where, as shown by the statement of the ease, “the issue joined by the pleadings was upon the allegations contesting the will on the ground that the testator was not of sound mind and memory, and that the will was induced by fraud and *525 undue influence, but these were abandoned on the trial except as to the charge of fraud in inducing the testator to sign the paper under a belief that it contained other provisions not expressed in it.” The contestants, on the trial, to prove the want of due execution of the will produced, gave evidence tending to show that it had been materially-altered after it was signed by the testator. The court instructed the jury they had nothing to do with the alteration, and should give it no attention or consideration ; and, for that erroneous instruction the judgment sustaining the will was reversed, the court observing-, that the jury must ascertain whether the writing produced was the valid will of the testator or not, and in ascertaining that, “they were called on to determine, not only the capacity of the testator to make a will, and its due execution, but also, the equally important fact of identifying the paper and its provisions as such will.”
In the codification of the statutes which has been made since the cases we have referred to were decided, it is provided in the chapter relating to the contest of wills, that any person interested in a will or codicil admitted to probate, “may contest the validity thereof in a civil action in the court of common pleas of the county in which such probate- was had. ’ ’ Section 5858, Revised Statutes. And section 5861, contains the provision that, “an issue shall be made up, either in the pleadings or by an order on the journal, whether the writing produced is the last will or codicil of the testator, or not, which shall be tried by a jury.” These statutory provisions were in force when the action below was brought; and it will be observed that the issue which section 5861 requires to be made *526 up and tried, is identical with that prescribed by former statutes, and defined by precisely the same language, which, therefore, must receive the same construction, and be given the same operation and effect, as had been accorded to it by previous adjudications. And though actions of this nature are now dominated civil actions, yet, in so far as they are governed by special statutory regulations inconsistent with the rules of pleading and procedure under the code, the latter are inapplicable; so that, the issue which shall be made up and tried in such eases, having been specifically prescribed by statute, cannot be varied or restricted by averments in the pleadings whether controverted or not. And while that issue may be made up either by the pleadings, or by an order entered on the journal of the court, it must, whichever the mode adopted, be the broad issue required by the statute, whether the instrument produced is the valid will, of the alleged testator; and, as the proof may be commensurate with the issue, any competent evidence tending to prove that, for any reason, it is not his valid will, is admissible, and should receive proper consideration by the jury. Besides, it is well settled, that while a proceeding for the contest of a will is conducted by original action, the court exercises the probate jurisdiction of finally establishing or rejecting the will, and the proceeding is in the nature of an appeal from the order of the próbate. Mears v. Mears, 15 Ohio St., 90; Converse v. Starr, 23 Ohio St., 498; Haynes v. Haynes, supra. The scope of the inquiry on the contest may therefore be as comprehensive as that for the admission of the will to record, and upon the latter inquiry, before admitting the will to probate, it must be made to appear that it “was duly *527 attested and executed, and that the testator, at the time of executing the same, was of full age, and of sound mind and memory, and not under any restraint.” Revised Statutes, section 5929.
We therefore think, in any proper view of this case, the trial court erred in excluding from the consideration of the jury, the evidence given by the contestants to prove the want of due execution of the will in contest. It hardly need be said that this conclusion is in no way in conflict with Wagner v. Ziegler, 44 Ohio St., 59, cited by counsel for the defendants.
The trial court also erred in permitting the defendant’s counsel, while making his argument to the jury, to read from a deposition which had been taken in the case but not put in evidence. We do not deem it necessary or important to enter upon any discussion of this error. The court seems to have misapprehended its power, as well as its duty.
For both of the errors mentioned, the judgment of the circuit court and that of the court of common pleas are reversed, and the cause will be remanded for a new trial.

Judgment accordingly.